**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 19 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MILTON G. LEE,

      Plaintiff-Appellant,

v.

ROBERT HAZELWOOD,
Correctional Counselor at D.O.C.;
OKLAHOMA DEPARTMENT OF
CORRECTIONS,

      Defendant-Appellee.

No. 99-7040
(D.C. No. 98-CV-231-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT   *

---

Before **ANDERSON** , **BARRETT** , and **BRISCOE,**  Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Milton G. Lee appeals from the district court's order dismissing his action, brought pursuant to 42 U.S.C. § 1983, as frivolous under 28 U.S.C. § 1915(e). We dismiss the appeal.

Lee, an inmate in the Oklahoma state prison system, was found guilty of five misconduct charges for violating prison rules. He was punished with disciplinary segregation, loss of earned and emergency time credits, fines totaling $225.00, and reclassification from minimum to maximum security status.

In his complaint, Lee alleged the hearing procedures violated his constitutional right to procedural due process because (1) he was found guilty without an adequate statement of reasons for the findings, (2) he was deprived of liberty by the change of his security status and the loss of his credits, and (3) he was deprived of his property because the fine was taken from his institutional draw account. He also alleged he was denied his administrative remedies because written dispositions were withheld from him thus preventing his appeal.

The district court thoroughly discussed Lee's claims in its order dismissing this action. We find no reversible error in that order. Therefore, we DISMISS this appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B) for substantially the reasons stated by the district court in its order of March 17, 1999. We consider the district court's disposition as one "prior occasion" and our dismissal of the frivolous appeal as a second "prior occasion" for purposes of the three-strikes

provision set out in 28 U.S.C. § 1915(g).    See Jennings v. Natrona County Detention Ctr. Med. Facility   , 175 F.3d 775, 780-81 (10th Cir. 1999).  We remind Lee that he remains obligated to pay all installments of the deferred appellate filing fee until it is paid in full.  No exception is made for dismissed appeals.    See Jennings , 175 F.3d at 781;  see, e.g. , 28 U.S.C. § 1915(b)(2).    The mandate shall issue forthwith.

Entered for the Court


James E. Barrett
Senior Circuit Judge